1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| INIKO FRANKLIN, CDCR # F-06825 | Civil No.   10cv1668 IEG (CAB) |
|---|---|
| Plaintiff, | **ORDER:** |
| vs. | **(1) DISMISSING ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b); AND** |
| PEOPLE OF SAN DIEGO COUNTY, | **(2) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT** |
| Defendants. | |

Plaintiff, a state inmate currently incarcerated at the California Rehabilitation Center located in Norco, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

/ / /

/ / /

/ / /

## I. SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). The Court must sua sponte dismiss prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

Here, Plaintiff alleges in his Complaint that a clerk for the San Diego Superior Court made an error in his judgment following a criminal conviction while he was a juvenile in 1999. (*See* Compl. at 4.) Based on the documents Plaintiff has attached to his Complaint, it does appear that an error was made that caused Plaintiff to be incarcerated more than two years after he should have been released. (*See* Compl., Exhibit 4, Log Sheet dated February 22, 2005 to February 25, 2005). Plaintiff was ultimately released from the California Youth Authority on February 25, 2005. (*Id.*, Ex. 5, Jurisdiction and Confinement History.) Plaintiff is currently incarcerated at the California Rehabilitation Center but it is unclear how long Plaintiff has been incarcerated. Regardless, it appears from the documentation attached to Plaintiff's Complaint, that his claims arose, at the very latest, on February 25, 2005.

Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing CAL. CIV. PROC. CODE § 335.1). The two-years limitations period, however, does not apply retroactively. *Canatella v. Van de Kamp*, 486 F.3d

1128, 1132-22 (9th Cir. 2007) (citing *Maldonado*, 370 F.3d at 955).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989) (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955 ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." ).

Here, Plaintiff claims that due to clerical error he was incarcerated until 2005 when he should have been released in 2003. Thus, Plaintiff would have reason to believe that his constitutional rights were violated over five years ago. *Id.*; *see also Maldonado*, 370 F.3d at 955. However, Plaintiff did not file his Complaint in this case until August 6, 2010, which exceeds California's statute of limitation. *See* CAL. CODE CIV. PROC. § 335.1; *Jones*, 393 F.3d at 927.

Plaintiff does not allege any facts to suggest how or why California's two-year statute of limitations might be tolled for a period of time which would make his claims timely. *See*, *e.g.*, CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL. CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January 1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the statute would result in a "manifest injustice."). Assuming that Plaintiff has been incarcerated since 2005, pursuant to *Fink*, Plaintiff's claims against Defendants, accruing in 2005, would be tolled for two years. California's two-year statute of limitations would then begin to run -- requiring Plaintiff to file this action against these Defendants no later than 2009.

Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, however, a plaintiff must meet three conditions to equitably toll a statute of

limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916. Here, however, Plaintiff has failed to plead any facts which, if proved, would support the equitable tolling of his claims. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993). Thus, Plaintiff's entire action must be dismissed as barred by the statute of limitations.

Accordingly, the Court finds that Plaintiff's entire Complaint must be dismissed sua sponte as barred by the applicable statute of limitations. Plaintiff will be provided leave to file an Amended Complaint in order to adequately plead equitable tolling. At this time, the Court will DENY Plaintiff's Motion to Proceed IFP as moot but without prejudice. If Plaintiff should elect to file an Amended Complaint, the Court will revisit Plaintiff's Motion to Proceed IFP and Plaintiff is further cautioned that his Amended Complaint remains subject to the sua sponte screening provisions of 28 U.S.C. §§ 1915(e)(2) & 1915A.

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint is **DISMISSED** as barred by the applicable statute of limitations and for failing to state a claim upon which relief could be granted. *See* 28 U.S.C. §1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D.CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

2. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **DENIED**, without prejudice, as moot.

**IT IS SO ORDERED.**

DATED: August 13, 2010

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**